IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00021 (WLS-TQL-1) |
| | : |
| NYIESHA FORD, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is a "Joint Motion for Continuance" filed by the parties in the above-styled action March 22, 2022. (Doc. 63.) Therein, counsel for the Government and Defendant Nyiesha Ford ask that this Court continue this case to the next available trial term. (*Id.*) The parties assert that additional time is needed to allow defense counsel time to confer with Defendant Ford, meaningfully review case materials, investigate the charges, and engage in plea negotiations. (*Id.*) The parties express that they do not anticipate that any hearings or further briefing will be necessary but note that a pretrial diversion is being contemplated. (*Id.*) The Court acknowledges the parties' requests but notes that this is the fourth continuance in this case and encourages the parties to work efficiently towards resolution or trial.

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's

counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Joint Motion for Continuance (Doc. 63) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the August trial term in Valdosta, Georgia, which begins August 8, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the August 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice.[*]

**SO ORDERED**, this 25th day of March 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[*] As indicated above, the Court acknowledges that this is the fourth continuance granted in this case. Therefore, counsel for the Defendant and the Government are ordered to immediately take all necessary steps and actions to prepare this case for trial during the Court's next regular trial term in the Valdosta Division, *i.e.,* August 2022. Further motions to continue will be denied except upon timely written motion to prevent manifest injustice based on grounds reasonably unforeseeable or unavoidable by the moving party or parties.